KING, C.J.,
for the Court.
¶ 1. Quenton Hughes appeals the Simpson County Circuit Court’s denial of his motion for post-conviction relief. Finding no error, we affirm.
FACTS
¶ 2. Hughes was indicted on March 1, 2004, on two counts, second degree arson and attempted strong arm robbery. He entered a plea of guilty as to second degree arson as a habitual offender, and the State filed an entry of nolle prosequi to the charge of attempted robbery. The trial court accepted his guilty plea and found him guilty of second degree arson and sentenced him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev.2000). He was sentenced to the maximum sentence for second degree arson of ten years in the custody of the Mississippi Department of Corrections without eligibility for probation or parole.
¶ 3. After sentencing, Hughes filed several motions in the trial court aimed at “discovery.” It appears that he attempted to gather as much information as he possibly could about his case through these motions. The motions included: (1) a motion for discovery filed on November 16, 2005, (2) a motion for transcript and records filed on January 17, 2006, (3) a motion for discovery filed on January 27, 2006, and (4) a motion to compel filed on April 25, 2006. All of these motions appear on the circuit court’s docket. The circuit court’s order granting Hughes discovery from the district attorney’s office was filed on May 2, 2006; the trial court’s two additional orders were both filed on June 20, 2006.The first order denied Hughes’s “Motion to Correct Sentence,” while the second order denied Hughes’s “Motion for Post-Conviction Collateral Relief.” Conspicuously absent from the record and the circuit court’s docket is any semblance of a motion to correct sentence or a motion for post-conviction relief.
¶4. Upon receipt of the circuit court’s June 20th orders, Hughes filed this appeal.
ANALYSIS
¶ 5. Hughes makes three different allegations of error on appeal: (1) he committed fourth degree arson and not second degree arson; (2) he was wrongfully sentenced as a habitual offender under section 99-19-83; and (3) his attorney provided ineffective assistance of counsel.
¶ 6. However, prior to addressing the merits of Hughes’s claims, we must first take notice of the fact that there is no record of exactly what Hughes raised before the trial court. As mentioned before, a motion for post-conviction relief does not appear in the record. We cannot decide issues based on the parties’ briefs alone; issues must be proven by the record. Genry v. State, 735 So.2d 186, 200(¶ 72) (Miss.1999). Therefore, even if the trial court committed error in denying Hughes’s motion for post-conviction relief, this Court has no way of knowing what, if any, error occurred.
¶ 7. We note that Hughes made several efforts to supplement the record with various information. However, none of those efforts attempted to introduce the motion for post-conviction relief. The majority of the efforts sought to introduce the plea colloquy into the record. It is the appellant’s duty to provide this Court with the record to support the allegation that the trial court committed a reversible error. Without any evidence of that motion, we *436 cannot say that the trial court erred by denying Hughes’s motion for post-conviction relief. Therefore, the matter is not properly before the Court. Regardless, even if we took all of the facts provided by Hughes as true, the trial court should not have granted the motion for post-conviction relief.
¶ 8. As for Hughes’s first allegation of error, he claims that he should have only been found guilty fourth degree arson and not second degree arson “because of his attention [sic] to burn the build [sic], but never accomplish the job, because only personal property was damage [sic] by fire.” He further admits that the vent panels of the building were also damaged. It appears that Hughes misinterprets Mississippi Code Annotated section 97-17-5 (Rev.2006) to require that the building must be destroyed. However, section 97-17-5 reads: “Any person who willfully and maliciously sets fire to or burns or causes to be burned ... any building[.]” Clearly, the statute does not require destruction of the building as alleged by Hughes. It merely requires that the building be burned. Therefore, Hughes’s admission in his brief that he intended to burn the building and that the vent panels and shoe rack were in fact burned provides enough evidence to show that Hughes was guilty of second degree arson. Therefore, this issue is without merit.
¶ 9. Likewise, his allegation that he was not eligible for an enhanced sentence under section 99-19-83 is without merit. He alleges that while he was sentenced to at least two separate violent crimes in Florida, he was sentenced to concurrent sentences; therefore, he did not serve separate sentences as required by section 99-19-83. However, the supreme court has held that when an individual has been previously sentenced to two separate crimes which otherwise would satisfy the elements of section 99-19-83, the mere fact that the sentences ran concurrently does not disqualify them from the enhancement provision. Magee v. State, 542 So.2d 228, 236 (Miss.1989). Therefore, Hughes’s Florida convictions for attempted robbery and robbery with a weapon would have satisfied the elements for sentence enhancement under section 99-19-83.
¶ 10. Finally, his allegation that his attorney provided ineffective assistance of counsel is also without merit. Hughes alleges that his counsel was ineffective for failing to inform him that: (1) the crime he committed was fourth degree arson and not second degree arson, and (2) he was not subject to enhancement under section 99-19-83. As we have previously discussed, Hughes admits in his briefs that he committed second degree arson, and his previous convictions in Florida properly subjected him to sentence enhancement under section 99-19-83. Hughes has not provided this Court with any other example that his counsel was deficient. Therefore, this issue is without merit.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.